Argued and submitted March 19, affirmed May 9, reconsideration denied August 1, petition for review denied August 28, 1990 (310 Or 281)

## BOBBY RAY,
*Appellant,*

*v.*

## BACHIK,
*Respondent.*

## (88-C-10185; CA A61853)

791 P2d 150

Larry J. Wright and Hillyer, Larson & Wright, Salem, filed the brief for appellant.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

## WARREN, J.

Petitioner appeals the dismissal of his petition for a writ of habeas corpus. ORS 34.700. He contends that he is being confined with persons who have been charged with a crime in violation of ORS 426.140(1). The trial court held that the statute does not apply to confinement in a hospital. We affirm.

Petitioner has been civilly committed to the Mental Health and Developmental Disability Services Division. ORS 426.060 *et seq.* He is at the Oregon State Hospital in ward 48B. It is a maximum security ward that houses approximately 30 patients, most of whom have been committed to the hospital through the criminal justice system. Some have been found incompetent to stand trial on criminal charges, ORS 161.370(2), others are being evaluated to determine their competency, ORS 161.365(2), and others, after trial, have been found guilty except for insanity. ORS 161.305. The ward also houses six to eight patients who, like petitioner, have been civilly committed and are considered too dangerous for the community wards. Dr. Meyer, a staff physician, described the ward as the last resort for the mental health system. Petitioner was transferred to ward 48B because of his violent behavior, which included breaking the jaw of a staff member. Meyer testified that petitioner has been improving and will return to a community ward after three months have passed without any violent incidents.

ORS 426.140(1) provides:

"No person, not incarcerated upon a criminal charge, who has been adjudged a mentally ill person or one against whom commitment proceedings have been instituted shall be confined in any prison, jail or other inclosure where those charged with a crime or a violation of a municipal ordinance are incarcerated, unless the person represents an immediate and serious danger to staff or physical facilities of a hospital or other facility approved by the division for the care, custody and treatment of the person."

The statute refers to two general types of institutions: prisons and hospitals. The statute requires that a civilly committed person be confined in a hospital, unless he presents such a danger to the hospital or staff that he must be confined in a prison.

Petitioner's contention, in essence, is that ward 48B, though a part of a hospital, has become a prison, because it confines prisoners. The distinction between a hospital and a prison lies in the primary reason for the confinement of its occupants. People are confined in a hospital because they are ill; they are confined in a prison because they have committed crimes. The patients who are in ward 48B because they are incompetent to stand trial or because their competency must be evaluated possibly may have committed criminal acts, but the primary reason for their confinement is their confirmed or suspected mental illness. The patients who are in the ward because they have been found guilty except for insanity have been found not responsible for their criminal conduct. Consequently, they are confined because of their mental illness; they are not incarcerated because of criminal charges. Ward 48B remains only part of a hospital, because all of its occupants are there because of real or possible mental illness.

Affirmed.